FILED

NOT FOR PUBLICATION

SEP 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANN LOUISE AARESTAD, | No. 10-35925 |
| Plaintiff - Appellant, | D.C. No. 9:09-cv-00138-JCL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Michael J. Astrue, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted August 29, 2011
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Ann Louise Aarestad, a 55-year-old former salesperson for an automotive

tool manufacturer, appeals the district court's order granting summary judgment to

the Commissioner of Social Security ("Commissioner").  The Commissioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

denied Aarestad's application for disabled widow's insurance benefits[1] and supplemental security income benefits under Titles II and XVI of the Social Security Act. Because the parties are familiar with the facts, we repeat them here only as necessary to explain our decision. We affirm.

This court reviews *de novo* a district court's order affirming an administrative law judge's (ALJ) denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This court must affirm the district court's decision if the ALJ applied the correct legal standards and substantial evidence supports the decision. *Id.* Substantial evidence means "more than a mere scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

The ALJ had substantial evidence to support his findings. First, the ALJ properly found that Aarestad's testimony as to the nature and extent of her claimed disability was not credible. The evidence showed that Aarestad worked only

---

[1] As applicable here, widow's insurance benefits are a survivor's benefit based on the widow's disability and the deceased person's insured status. 42 U.S.C. § 402(e)(1)(B)(ii). The widow need not be an insured in her own right, but she does need to be "disabled."

2

sporadically before the alleged onset of disability (which suggests that her decision not to work was not based on disability); Aarestad admitted to using her hands and arms regularly in daily activities; and, the objective medical evidence did not support her claims of disabling limitations.

Second, the ALJ properly rejected the opinions of two of Aarestad's treating physicians, Drs. Terry Smith and Mark Askew. The opinions of these physicians were contradicted by the report of the non-examining state agency physician who testified Aarestad could perform a modified range of light work. Because of this contradiction, the ALJ was required to give "specific and legitimate" reasons for rejecting the treating physician's opinions. *Widmark v. Barnhart*, 454 F.3d 1063, 1066–67 (9th Cir. 2006).

The ALJ gave specific and legitimate reasons for rejecting Drs. Smith and Askew's opinions. First, the ALJ found that Dr. Smith's opinions were inconsistent with Aarestad's own admitted daily activities and abilities and with actions that Aarestad performed at the hearing. Second, the ALJ noted that Dr. Smith's report was internally inconsistent as to the extent to which Aarestad could use her right hand. Third, the ALJ rejected Dr. Askew's opinions because Dr. Askew had relied heavily and uncritically on Aarestad's subjective report of symptoms and limitations. Finally, the ALJ noted that Dr. Askew had not treated

3

Aarestad for fourteen years prior to Aarestad requesting Dr. Askew's opinion. This court has held that where the ALJ has determined that a claimant's description of her limitations was not entirely credible, the ALJ reasonably could discount a physician's opinion "that was based on those less than credible statements." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Third, the ALJ did not commit reversible error in determining Aarestad's severe impairments at step two of the sequential evaluation process. Aarestad contends the ALJ erred by not including an anxiety disorder in the list of her severe impairments. However, a physician's assistant was the only person to diagnose Aarestad with an anxiety disorder. Only licensed physicians, psychologists, optometrists, and podiatrists can establish the presence of a "medically determinable impairment." 20 C.F.R. § 404.1513(a), (d).

Aarestad also maintains that the ALJ should have categorized her chronic obstructive pulmonary disease as a severe impairment. However, even assuming that the ALJ erred in omitting chronic obstructive pulmonary disease as a severe impairment, this error was harmless. There was no evidence that this impairment would affect Aarestad's ability to perform her past work as a salesperson.

**AFFIRMED.**

4